IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CURATORS OF THE UNIVERSITY OF MISSOURI, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 09-4012-CV-C-SOW |
| SUPPES, et al., | ) ) ) | |
| Defendants. | ) | |

ORDER

Before the Court are defendants Galen J. Suppes and Homeland Technologies, LLC's Motion to Dismiss (Doc. #10), defendants' Suggestions in Support, plaintiff the Curators of the University of Missouri's Suggestions in Opposition, and defendants' Reply.

I. Background

Defendants Suppes and Homeland Technologies, LLC ask the Court to dismiss this case for failure to state a claim over which this Court has subject matter jurisdiction under 28 U.S.C. §2201 and 28 U.S.C. §1338(a). Defendants claim that the alleged matter does not arise under the Patent Act and fails to meet the requirements of the Declaratory Judgment Act.

Plaintiff contends that jurisdiction is proper in this Court.

II. Discussion

Defendants argue that this Court lacks subject matter jurisdiction over this case because no violation of any section of the Patent Act is alleged. Defendants submit that this is a contract dispute.

District courts have original, exclusive jurisdiction of any civil action arising under any

act of Congress relating to patents under 28 U.S.C. §1338(a). This jurisdiction extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law." Christianson v. Colt, 486 U.S. 800, 809 (1988).

There is no dispute in this case that federal patent law does not create the causes of action being asserted by the plaintiff. Therefore, the issue before the Court is whether plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law.

Defendants contend that the issues in this case are of a contractual nature as patent ownership and assignment is a matter of contract law rather than patent law. While resolution of the contract dispute may involve terms used in patent law, the presence of those terms does not give rise to federal subject matter jurisdiction. *See* American Tel. & Tel. Co. v. Integrated Network Corp., 972 F.2d 1321 (Fed. Cir. 1992); Ballard Medical Prods. v. Wright, 823 F.2d 527, 530 (Fed. Cir. 1987)(that patent issues are relevant to resolution of a contract dispute "cannot possibly convert a suit for breach of contract into one 'arising under' the patent laws").

In this case, plaintiff seeks declaratory judgment for determination of ownership and for automatic assignment of inventions created by defendant Suppes based upon an employment agreement between Suppes and the plaintiff University as well as "the rules, orders and regulations" of the plaintiff University as set forth in the Collected Rules and Regulations ("Collected Rules"). Plaintiff has not cited a specific section of the Patent Act that would support its allegation that "determination of the date of invention, including the date of conception and the date of reduction to practice, is a question exclusively governed by federal patent law" (¶ 40 of plaintiff's Complaint). Rather, when an invention was conceived is more a question of common sense than of patent law. American Tel., 972 F.2d at 1324.

Plaintiff's claim regarding "the question of automatic assignment" is not supported by the Patent Act, 35 U.S.C. §261, cited in ¶46 of Count II. Instead, the true basis for plaintiff's allegations in Count II of the Complaint is the Collected Rules. This reinforces defendants' argument that Count II is a contract claim, not a claim arising under the Patent Act.

None of the relief sought by plaintiff is relief provided by the Patent Act. The relief sought by plaintiff is based upon alleged violations of the plaintiff University's rights under the University's Collected Rules and plaintiff's employment agreement with defendant Suppes.

Plaintiff's right to relief in this case does not necessarily depend on resolution of a substantial question of federal patent law. Therefore, this Court lacks subject matter jurisdiction over plaintiff's claims under the Patent Act. This is a contract dispute that would be more appropriately resolved by a state court.

The Declaratory Judgment Act is not an independent basis for subject matter jurisdiction. <u>Prasco, LLC v. Medicis Pharm. Corp.</u>, 537 F.3d 1329, 1335 (Fed. Cir. 2008). Therefore, the Declaratory Judgment Act does not provide a basis for this Court to retain jurisdiction over this matter.

### III. Conclusion

Accordingly, it is hereby

ORDERED that defendants Galen J. Suppes and Homeland Technologies, LLC's Motion to Dismiss (Doc. #10) is granted and the above-captioned case is dismissed due to lack of subject matter jurisdiction.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: April 20, 2009